UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
TUERE BARNES,                          :
                                       :
        Plaintiff,                     :    Civ. No. 13-737 (NLH)
                                       :
    v.                                 :    OPINION
                                       :
B.O.P OFFICER BROYLES, et al.,         :
                                       :
        Defendants.                    :
_____:

APPEARANCES:
Tuere Barnes, # 84034-054
FCI Danbury
Route 37
Danbury, CT 06811
     Plaintiff Pro se

HILLMAN, District Judge

     On or about February 4, 2013, Plaintiff Tuere Barnes, a
prisoner presently confined at the Federal Correctional
Institution ("FCI") in Danbury, Connecticut, filed this civil
action asserting claims pursuant to Bivens v. Six Unknown Fed.
Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971). (ECF No. 1).  This case was previously administratively
terminated due to Plaintiff's failure to satisfy the filing fee
requirement. (ECF No. 2).  However, on or about June 14, 2013,
Plaintiff filed a Motion to Reopen the Case (ECF No. 6),
followed by an application to proceed in forma pauperis on July
1, 2013 (ECF No. 7).  Accordingly, on September 25, 2013, the
case was reopened for review by a judicial officer. (ECF No. 8).

The Court finds Plaintiff's in forma pauperis application to be complete.  At this time the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  For the reasons set forth below, the Complaint will be permitted to PROCEED IN PART and will be DISMISSED IN PART.

## I.   BACKGROUND

Plaintiff asserts that on July 9, 2012, while confined at FCI Fort Dix, he was sexually assaulted by Defendant Broyles, a female correctional officer at FCI Fort Dix.  Plaintiff contends that when he "protested her sexual abuse," Defendant Broyles and other staff at FCI Fort Dix retaliated against him. (Compl. 4, ECF No. 1).

Specifically, Plaintiff asserts that an unknown officer, who Plaintiff describes as a Food Service Administrator, "witnessed a confrontation between [Plaintiff] and Officer Broyles" and then retaliated against Plaintiff by switching Plaintiff's job. (Id.).  Plaintiff later asserts that his job was changed for "punishment purposes." (Compl. 8, ECF No. 1).

2

Plaintiff states that Officer Kwartin is a Unit Counselor at FCI Fort Dix.  Plaintiff asserts that he reported the sexual assault to Officer Kwartin; however, Officer Kwartin failed to report the assault as required by BOP policy.  Plaintiff further complains that Officer Kwartin took three months to answer his "BP8" (a prison grievance form), and purposely found Plaintiff's complaint to be unfounded. (Compl. 5, ECF No. 1).

Plaintiff names Officer Bartel, an SIS investigator at FCI Fort Dix as a defendant in this case.  Plaintiff states that Officer Bartel attempted to silence Plaintiff's claims of sexual assault by putting Plaintiff in "the Hole" and/or the Security Housing Unit ("SHU"), by confiscating Plaintiff's address book, and by filing false charges against Plaintiff. (Compl. 5-6, ECF No. 1).

Plaintiff also alleges that Officer Olsen, a unit Case Manager at FCI Fort Dix, was made aware of Plaintiff's sexual assault claim, but did not properly report it.  Plaintiff further states that Officer Olsen retaliated against him by finding Plaintiff guilty of false charges, and by raising Plaintiff's custodial points "when he lacked authority to do so." (Compl. 6, ECF No. 1).

Plaintiff asserts that Officer Hammerman, a property officer in the SHU, confiscated items that Plaintiff was permitted to possess.  Plaintiff contends that Officer

3

Hammerman's "goal [for doing so] was strictly to punish [Plaintiff] for filing a complaint against his fellow officer." (Compl. 6, ECF No. 1).  Plaintiff further states that Officer Hammerman "threw papers relating to my sexual assault accusation." (Compl. 9, ECF No. 1).

Plaintiff also brings a retaliation claim against Officer Rodriguez, who Plaintiff states is a Unit Manager at FCI Fort Dix.  Specifically, Plaintiff states that Officer Rodriguez was also made aware of Plaintiff's sexual assault claim, but never reported it properly. (Compl. 7, ECF No. 1).  Plaintiff further asserts that Officer Rodriguez made several threats to Plaintiff in July, August and September of 2012 in an attempt to get Plaintiff to drop the sexual assault charges. (Id.).  Plaintiff adds that Officer Rodriguez "refused to help [Plaintiff] with any of [his] needs" while he was detained in the SHU.

Finally, Plaintiff names unknown officers as defendants. Plaintiff does not explain their involvement and simply describes them as "any officers who help conspire and inflict punishment on me for filing my claim that I'm not aware off [sic] but leave out as a result of this complaint." (Compl. 7, ECF No. 1).

Plaintiff seeks damages in the amount of one million dollars.

## II.   STANDARDS OF REVIEW

A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

5

not do ... .  Factual allegations must be enough to
raise a right to relief above the speculative level .
. . .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted).

That is, a complaint must assert "enough facts to state a

claim to relief that is plausible on its face." Id. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Fair

Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir.

2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The determination of whether the factual allegations

plausibly give rise to an entitlement to relief is "'a context-

specific task that requires the reviewing court to draw on its

judicial experience and common sense.'" Bistrian v. Levi, 696

F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court

is "not bound to accept as true a legal conclusion couched as a

factual allegation," and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements,

do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory

screening can be remedied by amendment, a district court should

not dismiss the complaint with prejudice, but should permit the

amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson

v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

   B. Bivens Claims

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100

7

S.Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Walker v. Zenk, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (citing Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S.Ct. 868, 160 L.Ed.2d 769 (2005)).  Both are designed to provide redress for constitutional violations and, because claims under Bivens are a parallel right to claims under § 1983, "the analysis established under one type of claim is applicable under the other." Wright v. Evans, No. 07-3725, 2009 WL 799946, at *9 (D.N.J. Mar. 24, 2009) aff'd sub nom. Wright v. Drug Enf't Agency, 354 F. App'x 608 (3d Cir. 2009) (citing Egervary, 366 F.3d at 246); see also Burk v. Church & Dwight Corp., No. 13-2642, 2013 WL 5703617, at *2 (D.N.J. Oct. 17, 2013) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

"In order to state a claim under <u>Bivens</u>, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law." <u>Dippolito v. United States</u>, No. 13-175, 2015 WL 9308238, at *3 (D.N.J. Dec. 21, 2015) (citing <u>Couden v. Duffy</u>, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that <u>Bivens</u> held that a parallel right exists against federal officials)); <u>see also</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).

## C. <u>Retaliation Claims</u>

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." <u>Bistrian v. Levi</u>, 696 F.3d 352, 376 (3d Cir. 2012).  A prisoner alleging retaliation must show that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. <u>Obiegbu v. Werlinger</u>, 581 F. App'x 119, 122 (3d Cir. 2014) (citing <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001)).

III. <u>DISCUSSION</u>

Here, Plaintiff sets forth various claims against eight different defendants.  The Court will address the claims against each defendant in turn.

A. <u>Officer Broyles</u>

Plaintiff brings claims against Officer Broyles for sexual assault and retaliation.

1. <u>Sexual Assault Claim</u>

A prison inmate has a constitutional right to be secure in his bodily integrity and free from attack by prison guards. <u>Castillo v. Day</u>, 790 F.3d 1013 (10th Cir. 2015) (citation omitted).  The sexual assault of a prison inmate by a guard is a violation of the inmate's Eighth Amendment rights. <u>See, e.g.,</u> <u>Id.</u>; <u>Wood v. Beauclair</u>, 692 F.3d 1041 (9th Cir. 2012) (citation omitted); <u>Wright v. O'Hara</u>, No. 00-1557, 2002 WL 1870479 (E.D. Pa. Aug. 14, 2002) (holding that allegations that state prison guard sexually assaulted prisoner and incited other prisoners against him stated Eighth Amendment violation, for purposes of prisoner's § 1983 action); <u>see also Women Prisoners of the Dist.</u> <u>of Columbia Dep't of Corr. v. District of Columbia</u>, 877 F.Supp. 634, 665 (D.D.C. 1994) ("[U]nsolicited touching of . . . prisoners' [genitalia] by prison employees are 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825,

834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994))), aff'd in part and vacated in part, 93 F.3d 910 (D.C. Cir. 1996); Riley v. Jeffes, 777 F.2d 143 (3d Cir. 1985) (holding that a complaint alleging specific facts relating to sexual assaults, among other things, stated cause of action for violations of Eighth Amendment).

Here, Plaintiff alleges that Officer Broyles "sexual[ly] assaulted, and or fondled" him on July 9, 2012.  Therefore, construing Plaintiff's Complaint liberally as this court must, see Haines, 404 U.S. at 520-21, Plaintiff has alleged a deprivation of a right secured by the Constitution and laws of the United States caused by an official acting under color of federal law.  The Court will not dismiss this claim at this time.

### 2. Retaliation

With respect to his retaliation claim against Officer Broyles, Plaintiff alleges only that "she retaliated on me with other staff known and unknown." (Compl. 4, ECF No. 1).  This allegation is insufficient to state a cause of action for retaliation against Officer Broyles.  Although, as discussed below, Plaintiff asserts that he suffered adverse action caused by other prison officials, he has not alleged that Officer Broyles had any direct involvement in an adverse action. See Batts v. Giorla, 550 F. App'x 110, 112 (3d Cir. 2013) (The Third Circuit has "consistently held that '[a] defendant in a civil

rights action must have personal involvement in the alleged wrongs[.]'") (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  Even under the most liberal interpretation, Plaintiff has failed to show personal involvement on the part of Officer Broyles with respect to his claim for retaliation.  Accordingly, the claim for retaliation against Officer Broyles will be dismissed for failure to state a claim upon which relief can be granted.

   B. Unknown Food Administrator

   With respect to the Unknown Food Administrator, Plaintiff alleges only that he "witnessed a confrontation" between Plaintiff and Officer Broyles; and that "based on Officer Broyles retribution, [the Unknown Food Administrator] switched [Plaintiff's] job with the sole purpose to cause a punitive effect." (Compl. 4, ECF No. 1).  Plaintiff asserts a claim for retaliation.

   The allegations of the Complaint do not set forth a cognizable claim against the Unknown Food Administrator under Bivens.  As an initial matter, Plaintiff does not allege that he was engaged in any constitutionally protected conduct.  Presumably, because Plaintiff states that his job was changed "for punishment purposes" (Compl. 8, ECF No. 1), and was "based

12

on Officer Broyles['] retribution" (Compl. 4, ECF No. 1),
Plaintiff means to assert that his job was changed as a
consequence of filing the sexual assault charges against Officer
Broyles.  However, Plaintiff fails to provide any facts to
support this bare allegation.

Moreover, Plaintiff does not provide any information
regarding the type of job he previously held, the type of job he
was switched to, or when the switch occurred; nor has Plaintiff
properly alleged that the Unknown Food Administrator had the
authority to change Plaintiff's job.  Accordingly, Plaintiff has
failed to show that that a causal link existed between the
filing of the sexual assault charges and the job change. See
Obiegbu, 581 F. App'x at 122.  Plaintiff's allegation against
the Unknown Food Administrator is merely a conclusory statement
and his claim for retaliation is dismissed for failure to state
a claim upon which relief can be granted.

C. Officer Kwartin

Plaintiff's claim with respect to Officer Kwartin is two-
fold.  First, he asserts that Officer Kwartin never reported
Plaintiff's allegation of sexual assault as required by BOP
policy. (Compl. 5, 8, ECF No. 1).  Specifically, Plaintiff cites
to Sexual Assault Intervention Protocol 115.6.[1] (Id.).  However,

---

[1] See FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT 5324.11, SEXUALLY ABUSIVE
BEHAVIOR PREVENTION AND INTERVENTION PROGRAM, § 115.6 (Jan. 6, 2014)

generally, "a violation of a prison regulation cannot amount to a wrong of constitutional magnitude within the meaning of <u>Bivens</u>." <u>Carter v. United States</u>, No. 14-4741, 2014 WL 4388607, at \*4 n.9 (D.N.J. Sept. 5, 2014) (collecting cases). Accordingly, this allegation does not set forth a claim under <u>Bivens</u>.

Second, Plaintiff asserts that Officer Kwartin "took three months to answer my BP8 [prison grievance form] and purposely found my complaint unfounded." (Compl. 5, 8, ECF No. 1). However, prisoners have no constitutionally protected right to a prison grievance procedure. <u>See</u> <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 137–38, 97 S. Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); <u>Iwanicki v. Pennsylvania Dep't of Corr.</u>, 582 F. App'x 75, 81 (3d Cir. 2014) (citing <u>Hoover v. Watson</u>, 886 F.Supp. 410, 418–19 (D. Del. 1995), <u>aff'd</u>, 74 F.3d 1226 (3d Cir. 1995) ("Violations of grievance procedures do not give rise to a cognizable claim under section 1983.")); <u>see also</u> <u>Speight v. Sims</u>, 283 F. App'x 880, 880–81 (3d Cir. 2008) (citing <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a

---

(addressing official response following an inmate report of sexual assault).

prison grievance procedure confers no liberty interest on a prisoner.")).

Because the allegations of the Complaint seek only to establish liability against Officer Kwartin based upon his failure to follow BOP policy and the way he handled of Plaintiff's administrative grievances[2], Plaintiff fails to set forth a constitutional violation under Bivens. See Iwanicki, 582 F. App'x 75; Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (allegations relating to defendants whose involvement is limited to the post-incident grievance process do not state a claim under § 1983); Carter, No. 14-4741, 2014 WL 4388607, at *4

---

[2] The Court notes that Plaintiff also states with respect to Officer Kwartin, "retaliatory treatment and disregarding of duties as a unit counselor." (Compl. 8, ECF No. 1).  Plaintiff then goes on to clarify that, "[o]n July 13, 2012 [Plaintiff] reported assault to him and he failed to administer policy to ensure [Plaintiff's] safety [and the] integrity of the facility." (Id.).  Thus, although Plaintiff uses the term "retaliatory treatment," the Court does not construe the Complaint as asserting a claim for retaliation against Officer Kwartin because, when read in context, the conduct complained of specifically relates to Officer Kwartin's failure to follow BOP policy.  Moreover, to the extent Plaintiff intended to assert a claim for retaliation against Officer Kwartin, such a claim would fail because Plaintiff has not set forth sufficient information to state a claim. See Obiegbu, 581 F. App'x at 122 (to state a claim for retaliation a plaintiff must allege that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action); see also, e.g., Mack v. Yost, 979 F. Supp. 2d 639, 648 (W.D. Pa. 2013) ("An oral complaint to a prison guard is not a petitioning for the redress of grievances guaranteed by the First and Fourteenth Amendments.").

n.9.  The claims against Officer Kwartin will be dismissed without prejudice.

    D. <u>Officer Bartel</u>

    With respect to Officer Bartel, who Plaintiff describes as an SIS investigator at FCI Fort Dix, Plaintiff alleges that he was responsible for various adverse actions — including placing Plaintiff in "the Hole" and/or the Security Housing Unit ("SHU"), confiscating Plaintiff's address book, and filing false charges against Plaintiff — in an attempt to "silenc[e] [Plaintiff's] sexual assault claims." (Compl. 6, ECF No. 1). Although, as discussed above, a violation of prison grievance procedure does not give rise to a cognizable claim under <u>Bivens</u>, <u>Iwanicki</u>, 582 F. App'x 75, the Third Circuit has held that the filing of an administrative grievance against prison officials is a protected activity for purposes of a retaliation claim. <u>See</u> <u>Robinson v. Taylor</u>, 204 F. App'x 155, 157 (3d Cir. 2006).

    Therefore, the Court declines to dismiss the retaliation claim against Officer Bartel at this time.

    E. <u>Officer Olsen</u>

    Plaintiff alleges that Officer Olsen, a unit Case Manager at FCI Fort Dix, was made aware of Plaintiff's sexual assault claim, but did not properly report it.  For the reasons explained above, any attempt to establish liability upon Officer Olsen solely based on his or her failure to follow BOP policy

16

does not set forth a constitutional violation under <u>Bivens</u>. <u>See</u> <u>Carter</u>, No. 14-4741, 2014 WL 4388607, at *4 n.9.  Therefore, this allegation fails to state a claim for relief and will be dismissed without prejudice.

The Court notes that Plaintiff also alleges that Officer Olsen retaliated against him by finding Plaintiff guilty of false charges and by raising Plaintiff's custodial points "when he had no authority to [do so]." (Compl. 9, ECF No. 1). However, Plaintiff has not provided sufficient substantive support for his argument that Officer Olsen retaliated against him.  In contrast to the allegations he makes as to Officer Bartel, Plaintiff does not allege that Officer Olsen filed any false charges against him, or took any adverse action other than finding Plaintiff guilty of certain charges.  Nor does Plaintiff not supply any factual support to suggest that there exists a casual link between Officer Olsen's finding of guilt and Plaintiff's filing of sexual assault charges against Officer Broyles.  Therefore, Plaintiff fails to state a claim for retaliation. <u>See</u> <u>Obiegbu</u>, 581 F. App'x at 122.

To the extent Plaintiff means to challenge the disciplinary proceeding for which Officer Olsen found Plaintiff guilty, the Court notes that Plaintiff does not provide any factual allegations in the Complaint which suggest that he was either entitled to, or deprived of, due process with respect to the

finding of guilt.  As an initial matter, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974); see also Burns v. PA Dep't of Corr., 642 F.3d 163, 170-71 (3d Cir. 2011) (citing Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that not all sanctions resulting from prison disciplinary hearings affect protected liberty interests)).

However, the Supreme Court has held that, when a liberty interest is implicated, a set of minimum procedural protections apply. Wolff, 418, U.S. at 540.  Among those minimal procedural protections is the right to an impartial disciplinary tribunal. See Id. at 592; Lasko v. Holt, 334 F. App'x 474, 475 (3d Cir. 2009) (citing Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir. 1974)).

Here, Plaintiff alleges that Officer Olsen had a "biased mindset" (Compl. 9, ECF No. 1), and raised Plaintiff's custodial points after finding him guilty of the infraction charged by Officer Bartel.  Without reaching the issue of whether or not Plaintiff's increase in custodial points implicates a liberty interest which would then entitle him to due process, this Court finds that Plaintiff's bare allegation that Officer Olsen had a "biased mindset" fails to set forth a claim for a violation of

due process.  General assertions of staff bias are insufficient to demonstrate the degree of bias necessary to prove a due process violation under <u>Meyers</u>. <u>See</u> <u>Lasko</u>, 334 F. App'x at 476; <u>see also, e.g.,</u> <u>Muchler v. Smith Bail Bonds, LLC</u>, No. 3:15-CV-0093, 2015 WL 2454050, at *9 (M.D. Pa. May 22, 2015). Accordingly, Plaintiff's conclusory allegations that Officer Olsen had a "biased mindset" (Compl. 9, ECF No. 1), "went along with Officer[] Bartel's lies" and "hopes to get [Plaintiff] moved to another jail" (Compl. 6, ECF No. 1), do not establish a basis for relief under <u>Bivens</u>.

The claims against Officer Olsen will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### F. Officer Hammerman

Plaintiff alleges that Officer Hammerman, a property officer in the SHU, retaliated against Plaintiff by improperly confiscating Plaintiff's property.  Plaintiff contends that Officer Hammerman's "goal [for doing so] was strictly to punish [Plaintiff] for filing a complaint against his fellow officer." (Compl. 6, ECF No. 1).

Because Plaintiff alleges that Officer Hammerman's conduct was directly related to Plaintiff's filing of sexual assault charges against Officer Broyles — including specific allegations that Officer Hammerman confiscated books and legal papers

referencing Plaintiff's sexual assault claims (Compl. 6, ECF No. 1), and that Officer Hammerman "threw papers relating to [Plaintiff's] sexual assault accusation" (Compl. 9, ECF No. 1), the Court declines to dismiss the claims for retaliation against Officer Hammerman for retaliation at this time.

### G. Officer Rodriguez

Plaintiff also brings a retaliation claim against Officer Rodriguez, who Plaintiff states is a Unit Manager at FCI Fort Dix.  Plaintiff first alleges that Officer Rodriguez was made aware of Plaintiff's sexual assault claim, but never reported it properly. (Compl. 7, ECF No. 1).  As set forth above, Plaintiff cannot state a claim under Bivens against Officer Rodriguez solely due to his or her failure to follow BOP policy. See Carter, No. 14-4741, 2014 WL 4388607, at *4 n.9.  Therefore, any claims based on Officer Rodriguez's failure to properly report Plaintiff's claims of sexual assault are dismissed without prejudice.

However, Plaintiff also alleges that Officer Rodriguez made several threats to Plaintiff in July, August and September of 2012 in an attempt to get Plaintiff to drop the sexual assault charges. (Compl. 9, ECF No. 1).  Plaintiff adds that Officer Rodriguez "refused to help [Plaintiff] with any of [his] needs" while he was detained in the SHU. (Compl. 7, ECF No. 1). Accordingly, at this time the Court declines to dismiss any

claims for retaliation against Officer Rodriguez which are premised upon alleged threats made by Officer Rodriguez, or upon Officer Rodriguez's alleged failure to address Plaintiff's needs while he was housed in SHU.

    H.  <u>Unknown Officers</u>

With respect to the unknown officers, Plaintiff does not plead any facts.  Instead, Plaintiff simply describes them as "any officers who help conspire and inflict punishment on me for filing my claim that I'm not aware off [sic] but leave out as a result of this complaint." (Compl. 7, ECF No. 1).  Plaintiff may not implicate in this litigation individuals whose identities he does not know and whose involvement he is "not aware of[]." (<u>Id.</u>).  Plaintiff has pled no facts which suggest that any other individuals were involved in this fact pattern, let alone that these other individuals violated Plaintiff's constitutional rights.  Therefore, the unknown defendants are dismissed without prejudice. <u>See</u> <u>Batts</u>, 550 F. App'x at 112 (the Third Circuit has "consistently held that '[a] defendant in a civil rights action must have personal involvement in the alleged wrongs[.]'") (quoting <u>Rode</u>, 845 F.2d at 1207); <u>Solan v. Ranck</u>, 326 F. App'x 97, 100-101 (3d Cir. 2009) (quoting <u>Rode</u>); <u>see also</u> <u>Iqbal</u>, 556 U.S. 662 (to state a claim against a government official under <u>Bivens</u> or § 1983, a plaintiff must plead that each government official-defendant, through his or her own actions, has violated

Constitution); <u>Tenon v. Dreibelbis</u>, 606 F. App'x 681, 688 (3d Cir. 2015) (each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable" under § 1983); <u>Twombly</u>, 550 U.S. at 555 (although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In the event Plaintiff, through discovery or other means, can produce information to suggest that there were additional defendants who participated in acts of retaliation or other constitutional violations against Plaintiff, he may seek to add these individuals as defendants at that time, with the appropriate factual support.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Complaint will be DISMISSED IN PART pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted, and will be permitted to PROCEED IN PART.

Specifically, Plaintiff will be permitted to proceed with the Eight Amendment claim against Officer Broyles based on the allegations of sexual assault.  Additionally, Plaintiff's claims for retaliation against Officer Bartel, Officer Hammerman, and

Officer Rodriguez will be permitted to proceed at this time.

Defendants Unknown Food Administrator, Officer Kwartin, Officer Olsen, and the Unknown Officers will be dismissed without prejudice; and Plaintiff's retaliation claims against Officer Broyles will be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  These dismissals are without prejudice because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state claims under <u>Bivens</u>. <u>See</u> <u>Denton</u>, 504 U.S. 25; <u>Grayson</u>, 293 F.3d 103.[3]

An appropriate Order will be entered.


___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: January 12, 2016
At Camden, New Jersey

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. <u>See</u> <u>West Run Student Housing Associates, LLC v. Huntington National Bank</u>, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). <u>See also</u> 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. <u>Id.</u>