```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TUERE BARNES, | Hon. Noel L. Hillman |
| Plaintiff, | Civil No. 13-737 (NLH/KMW) |
| v. |  |
|  | **OPINION** |
| OFFICER BROYLES, et al., |  |
| Defendants. |  |

APPEARANCES:

    TUERE BARNES, *PRO SE*
    84034-054
    FCI Danbury
    Route 37
    Danbury, Connecticut 06811

    OFFICE OF THE UNITED STATES ATTORNEY
    By: Kristin L. Vassallo, Esq.
    970 Broad Street
    Newark, New Jersey 07102
        *Attorney for Defendants*

HILLMAN, District Judge:

    This is a civil rights *Bivens* action brought by *pro se* Plaintiff federal inmate Tuere Barnes.[1] Two claims remain at this stage of the case. First, Barnes asserts that Defendant Corrections Officer Tara Broyles sexually assaulted him while conducting a pat down search. Second, Barnes asserts Defendant Corrections Officers James Bartell, Michael Hanneman, and Ralph

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Rodriguez retaliated against him for complaining about the alleged sexual assault.

Defendants move for summary judgment, asserting that Barnes failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

For the reasons stated herein, the motion will be granted.

## I. BACKGROUND

The record facts relevant to the exhaustion analysis are as follows.

As to two of the Defendants, Officers Hanneman and Rodriguez, Plaintiff never filed any sort of Request for Administrative Remedy. (Moran Decl. ¶ 5)

As to Defendant Officer Bartell, Plaintiff filed an appeal of discipline imposed as a result of an incident report (i.e., "a shot") issued by Officer Bartell, but the appeal did not assert that Officer Bartell took any retaliatory actions against Plaintiff; it only argued that the finding of guilt was erroneous. (Moran Decl. ¶ 7, Ex. 3)

As to Defendant Officer Broyles, Plaintiff did partially pursue his administrative remedies.  Plaintiff filed a complaint of sexual misconduct[2] with the Warden, to which the Warden

---

[2]  The alleged "sexual misconduct" allegedly consisted of Officer Broyles "feeling" and "squeezing" Plaintiff's "genital area" during a search. (Pl's Exhibit in Support of Opposition, Docket

2

responded. (Moran Decl. ¶ 6, Ex. 2)  However, Plaintiff did not appeal the Warden's response to the Northeast Regional Director. (Id.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.*  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

---

# 28, p. 17)  Plaintiff expressly stated that "Officer Broyles never touched the skin of [his] genital area." (Id.)

*Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)(citing *Anderson*, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); *see also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing *Celotex*, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'"

4

*Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F. App'x 56, 58 (3d Cir. 2011)(citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 257.

### III. DISCUSSION

A federal inmate may not bring suit for damages against an individual prison official unless he first fully exhausts his administrative remedies. *See* 42 U.S.C. § 1997e(a).

In opposition to the instant motion, Plaintiff does not dispute that he has failed to fully exhaust his administrative remedies. Rather, he argues that his failure should be excused because his administrative remedies were not available to be exhausted. He argues that his remedies were unavailable due to: (1) intimidation by corrections officers; and (2) the prison's delay in processing his sexual misconduct complaint against Defendant Broyles.

As to the first issue, Plaintiff asserts that "the way in which Defendants [and other corrections officials] acted towards

5

the Plaintiff" (Opposition Brief, p. 5)-- frequently "shaking down" Plaintiff's cell and "telling [Plaintiff] in a threatening manner" that pursuing his administrative remedies "was gonna make more trouble for [Plaintiff]", as well as changing Plaintiff's work assignment (Barnes Aff. p. 2-3)-- would deter a person of ordinary firmness from attempting to exhaust his administrative remedies.

This argument fails because, as Defendants correctly observe, not only were administrative remedies effectively available to Plaintiff, he pursued those remedies during the time he says corrections officers were attempting to intimidate him. (*See* Moran Decl. Exs 2-4) *See Dickens v. Taylor*, 655 Fed. Appx. 941 (3d Cir. 2016)("Dickens conceded that he did not timely file a grievance, but he claimed that such a remedy was unavailable because, while his time to file a grievance came and went, he was housed in isolation where he was denied access to a pen and paper. In rejecting that argument, the District Court found Dickens's claim belied by the record-- specifically, while he was in isolation, Dickens used a pen to complete an authorization form requesting reimbursement in a different case, he used a pen to sign for his legal mail, and he used a pen and paper to draft a three-page motion for reargument in a different case. In light of this record evidence, the District Court did not err in ruling that Dickens could have filed, but did not, a

prison grievance regarding these claims.")(citing *Small v. Camden Cty.*, 728 F.3d 265, 269-71 (3d Cir. 2013)).

As to the second issue, the Court observes that Plaintiff's argument does nothing to potentially save his claims against Defendant Officers Bartell, Hanneman, and Rodriguez insofar as Plaintiff asserts that the prison only delayed processing of his sexual misconduct complaint against Defendant Broyles.

Moreover, the asserted delay in processing was not so substantial as to render administrative remedies altogether unavailable. According to Plaintiff's own affidavit, "an inmate officially has 20 days from the date of the Warden's Answer to submit [an appeal] to the Regional Office[3] . . . . The Warden signed the BP-9 on the 17th . . . [but it] was not delivered [to Plaintiff] until November 2nd, 16 days [after the date of Warden's Answer]." Thus, Plaintiff still had at least four days to mail his appeal. Plaintiff's vague assertion that his "counselor" "was unavailable over the next couple of days" to provide him with the proper appeal form (Barnes Aff. p. 4) is insufficient evidence upon which to excuse Plaintiff's procedural default.

## IV. CONCLUSION

---

[3] *See* 28 C.F.R. § 542.15(a).

7

For the aforementioned reasons, Defendants' Motion for Summary Judgment will be granted.

```
Dated:  December 19, 2016          __s/ Noel L. Hillman____
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
```